IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CYLETTE WILLIS-SASS,** | |
| Plaintiff, | |
| v. | CA No. 4:17-cv-2497 |
| **RICE UNIVERSITY,** | JURY DEMANDED |
| Defendant | |

PLAINTIFF'S ORIGINAL COMPLAINT

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory, liquidated and actual damages; and costs and attorney's fees for the retaliation and common law claims suffered by Plaintiff, CYLETTE WILLIS-SASS, due to RICE UNIVERSITY (hereinafter "Defendant" or "RICE UNIVERSITY") taking adverse employment actions against her.

1.2 Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory, actual, liquidated and punitive damages; and costs and attorney's fees for the Family Medical Leave interference and retaliation suffered by Plaintiff due to Defendant's actions.

1.3 This action arises under the Family Medical Leave Act.

2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and the Family Medical Leave Act, and 28 U.S.C. § 1331.

2.2. Jurisdiction is appropriate under the Family Medical Leave Act.

2.3. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201 and 2202 and the Family Medical Leave Act.

2.4. Actual damages are sought pursuant to the Family Medical Leave.

2.5. Liquidated and injunctive relief is sought pursuant to the Family Medical Leave Act.

2.6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP, Family Medical Leave Act.

2.7. Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1) and the Family Medical Leave Act.

2.8. Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1) and the Family Medical Leave Act.

### 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

### 4. PARTIES

4.1. Plaintiff is a former employee of Defendant and resides in Houston, Harris County, Texas.

4.2. Defendant Rice University is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant can be served by serving its registered agent, Richard Zansitis, 6100 Main St. MS 94 Houston, Texas 77005. Summons is requested at this time.

### 5. STATEMENT OF THE CLAIMS

5.1. FACTS

5.2. Plaintiff, Cylette Willis-Sass is a Doctor of Philosophy (Ph.D.) Ecology and Evolutionary Biology with an extensive and illustrious career in professional development, organizational development, and as an Online Education Program Director.

5.3. Defendant employed Plaintiff as Program Director through July 1, 2017. According to Defendant's Office of Public Affairs News Release, Plaintiff was promoted to Senior Academic Design Advisor on July 1, 2017.

5.4. Defendant has never provided Plaintiff with any disciplinary action in her tenure with Rice University. Defendant has never put Plaintiff on any sort of Performance Improvement Plan. Defendant has never even performed any annual evaluations or reviews of Plaintiff for the last three years of her employment.

5.5. Plaintiff went to Human Resources, specifically the benefits specialist, Marian Phillips, and requested FMLA paperwork to provide her physician for a serious medical condition.

5.6. Plaintiff also informed Defendant's Director of Employee Relations that she had requested Family Medical Leave.

5.7. Defendant terminated on July 7, 2017, Plaintiff with no disciplinary action, without putting her on a plan, without legitimate investigation and without reviewing emails and paperwork which support Plaintiff.

5.8. Defendant made this adverse decision to Plaintiff after Plaintiff engaged in her protected Family Medical Leave request.

5.9. Unfortunately for Defendant, it did not have a legitimate business reason for taking its actions.

5.10. <u>Family Medical Leave Act Retaliation and Interference -</u> Based on the above facts, Defendant violated the Family Medical Leave Act and retaliated against Plaintiff for engaging in a protected activity. Defendant illegally and wrongfully interfered with Plaintiff's attempt to receive Family Medical Leave. The above-described actions of Defendant were so outrageous in character and so extreme in degree that they exceeded all possible bounds of decency and can only be regarded as atrocious and utterly intolerable in a civilized community.

5.11. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to, humiliation and embarrassment among co-workers, customers and others sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

6.  <u>PRAYER</u>

6.1. WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    6.1.1. Declare Defendant's conduct in violation of Plaintiff's rights;

    6.1.2. Enjoin the Defendant from engaging in such conduct;

    6.1.3. Award Plaintiff actual damages;

    6.1.4. Order Defendant to pay Plaintiff back pay and front pay and benefits;

    6.1.5. Award Plaintiff compensatory damages for mental anguish;

    6.1.6. Award Plaintiff punitive damages to be determined by the trier of fact;

    6.1.7. Grant Plaintiff pre-judgment and post-judgment interest;

    6.1.8. Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

    6.1.9. Order and grant such other relief as is proper and just.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
ellen@rosenberglaw.com
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF